UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
**RICHARD-ENRIQUE: ULLOA,**   )
                              )
            **Plaintiff,**    )
                              )
            v.                )   Civil Action No. 10-186 (RWR)
                              )
**MID-HUDSON VALLEY FEDERAL** )
**CREDIT UNION, et al.,**     )
                              )
            **Defendants.**   )
_____)


                        **MEMORANDUM ORDER**

   Plaintiff, a resident of Kingston, New York, filed this action challenging a foreclosure proceeding brought in state court in Kingston, New York concerning real property and a lender both located in Kingston, New York.  The complaint does not allege that any defendant resides or may be found in this district, or that any events giving rise to plaintiff's claim occurred here, or that any property that is the subject of the action is situated here.  See 28 U.S.C. § 1391(b) (prescribing proper venue).  Plaintiff was ordered to show cause in writing why this complaint should not be dismissed or transferred[1] to the United States District Court for the Northern District of New York.  See 28 U.S.C. § 1406(a) ("The district court of a district

---

[1] A court may raise the possibility of transfer for improper venue sua sponte.  See Schutter v. Herskowitz, Civil Action No. 06-1846 (RMC), 2007 WL 1954416, at *6 n.3 (D.D.C. July 5, 2007).

- 2 -

in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

"The plaintiff . . . bears the burden of establishing that venue is proper." Walden v. Locke, 629 F. Supp. 2d 11, 13 (D.D.C. 2009) (quoting Varma v. Gutierrez, 421 F. Supp. 2d 110, 113 (D.D.C. 2006)). In his response to the Order to show cause, plaintiff argues that "a substantial part of the events and errors and omissions giving rise to the claim" took place in this district because the defendants issued public currency and acted "under the authority of the Federal Reserve Act of 1913, . . . which is regulated by the US Treasury Department, through the Comptroller of the Currency, located in this district." (Pl.'s Mem. of P. & A. in Supp. of Pl.'s Reply to Order to Show Cause ¶ 15.) However, that defendants do business under a regulatory regime overseen by the federal government has no bearing on the location of the events that gave rise to the foreclosure that plaintiff challenges in his complaint. Those events did not take place in the District of Columbia, but rather in the Northern District of New York, where the property at issue is located. Therefore, this action could have been brought in the Northern District of New York. Because dismissing the complaint would needlessly burden the plaintiff with refiling his complaint in

- 3 -

the Northern District of New York, the case will be transferred to that district in the interest of justice under 28 U.S.C. § 1406(a).  Accordingly, is it hereby

ORDERED that this case be, and hereby is, TRANSFERRED to the United States District Court for the Northern District of New York.  Pending motions will be left for decision by the transferee court.

SIGNED this 3rd day of March, 2010.

```
             _____/s/_____
             RICHARD W. ROBERTS
             United States District Judge
```